**ESTATE OF A. P. STECKEL, Deceased,
Mahoning National Bank, Executor,
Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13197.**

United States Court of Appeals
Sixth Circuit.

Feb. 24, 1958.

Barring Coughlin, Cleveland, Ohio (Charles M. Weeks, Cleveland, Ohio, on the brief), for petitioner.

Morton K. Rothschild, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MARTIN and McALLISTER, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

This cause has been heard on petition of the taxpayer for review of a decision of the Tax Court of the United States finding a deficiency in the taxpayer's income tax for the year 1949 in the amount of $64,904.72.

Upon due consideration of the briefs and oral arguments of the contending parties and upon the record in the cause, the conclusion has been reached that—on the basis of findings of fact of the Tax Court, which are supported by substantial evidence and are not clearly erroneous, and on the reasoning of that court in its opinion—we concur in the decision that the decedent, Steckel, realized gain in 1949, when $225,000 was paid to the Clerk of the United States District Court. This amount was to be held as security pending disposition of Steckel's appeal from a judgment of around $190,000, attorneys' fees due by him to Lurie and Alper, which judgment was affirmed and paid, with the balance of the $225,000 being paid to Steckel in 1951.

We concur in the reasoning that Steckel's realization of gain on the disposition of stock should not be deferred for the sole reason that the proceeds are deposited with a third party who would ultimately either pay the money to the taxpayer, or use it in whole or in part to discharge the taxpayer's lawful debt.

We concur further in the Tax Court's holding that any capital losses or non-business expense deductions to which Steckel was entitled upon payment of the judgment in 1951 cannot properly be related back to 1949.

Accordingly, the decision of the Tax Court is affirmed.